IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MT. HAWLEY INSURANCE COMPANY, | § § § |
| Plaintiff, | § § |
| vs. | § § |
| HCS 410 HOLDINGS, LLC, | § § |
| Defendant. | § |

SA-19-CV-00780-JKP

## AMENDED SCHEDULING ORDER

Before the Court in the above-styled and numbered cause of action is the parties' Agreed Motion to Modify Scheduling Order to Extend all Pending Deadlines [#17]. By their motion, the parties ask for an amended scheduling order. The Court will grant the motion based on the parties' agreement. Accordingly, the following Amended Scheduling Order is issued to control the remaining course of this case:

1. Parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before April 20, 2020.

2. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before May 19, 2020.

3. Parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within 14 days of receipt of the report of the opposing expert.

4. The deadline to file supplemental expert reports required under Federal Rule of Civil Procedure 26(e)(2) is at least 30 days before trial. The parties are advised any report filed under this deadline may only supplement the initial report and may not introduce new opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

5. Parties shall initiate all discovery procedures in time to complete discovery on or before <u>September 29, 2020</u>. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. *See* Local Rule CV-16(d). Counsel may by agreement continue discovery beyond the deadline. The parties are advised that should they agree to extend discovery beyond the deadline, there will be no intervention by the Court except in exceptional circumstances. No trial setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery. *See* Local Rule CV-7(d).

6. Counsel shall confer and file a joint report setting forth the status of settlement negotiations on or before <u>October 30, 2020</u>.

7. On or before <u>October 30, 2020</u>, the parties shall file any *Daubert* motions and challenge to or motion to exclude expert witnesses. Any such motion must specifically state the basis for the objection and identify the objectionable testimony.

8. On or before <u>November 30, 2020</u>, parties shall file any dispositive motions, including motions for summary judgment on all or some of the claims. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

9. The Court will set dates for trial and the final pretrial conference after ruling on any dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, the Court will also set appropriate deadlines for trial and pretrial conference matters.

**IT IS SO ORDERED.**

SIGNED this 19th day of February, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE