# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| MT. HAWLEY INSURANCE COMPANY, | § § § |
| *Plaintiff,* | § § SA-19-CV-00780-JKP |
| vs. | § § |
| HCS 410 HOLDINGS, LLC, | § § |
| *Defendant.* | § § § § |

## SECOND AMENDED SCHEDULING ORDER

Before the Court is the parties' Agreed Motion to Modify Amended Scheduling Order [#19], by which the parties ask the Court for a second extension of deadlines in the governing scheduling order. The Court will grant the motion.

**IT IS THEREFORE ORDERED** that the parties' Agreed Motion to Modify Amended Scheduling Order [#19] is **GRANTED**.

**IT IS FURTHER ORDERED** that the following Second Amended Scheduling Order is issued to control the remaining course of this case:

1. Parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before <u>July 20, 2020</u>.

2. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before <u>August 17, 2020</u>.

3. Parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fourteen days of receipt of the report of the opposing expert.

4.      The deadline to file supplemental expert reports required under Federal Rule of Civil Procedure 26(e)(2) is at least 30 days before trial. The parties are advised any report filed under this deadline may only supplement the initial report and may not introduce new opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

5.      Parties shall initiate all discovery procedures in time to complete discovery on or before <u>December 28, 2020</u>. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. See Local Rule CV-16(d). Counsel may by agreement continue discovery beyond the deadline. The parties are advised that should they agree to extend discovery beyond the deadline, there will be no intervention by the Court except in exceptional circumstances. No trial setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery. See Local Rule CV-7(d).

6.      Counsel shall confer and file a joint report setting forth the status of settlement negotiations on or before <u>January 28, 2021</u>.

7.      On or before <u>January 28, 2021</u>, the parties shall file any *Daubert* motions and challenge to or motion to exclude expert witnesses. Any such motion must specifically state the basis for the objection and identify the objectionable testimony.

8.      On or before <u>March 1, 2021</u>, parties shall file any dispositive motions, including motions for summary judgment on all or some of the claims. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

9.      The Court will set dates for trial and the final pretrial conference after ruling on any dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, the Court will also set appropriate deadlines for trial and pretrial conference matters.

**IT IS SO ORDERED.**

SIGNED this 20th day of March, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE