UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MT. HAWLEY INSURANCE COM-
PANY,

   *Plaintiff*,

v.

                                       Case No. SA-19-CV-00780-JKP

HCS 410 HOLDINGS, LLC,

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Mt. Hawley Insurance Company's Motion for Summary Judgment and Defendant HCS 410 Holdings's Response. *ECF Nos. 48,51,55*. Also before the Court is Mt. Hawley's Motion to Strike HCS's Untimely Theory of Recovery and HCS's Response and HCS's Objections to Summary Judgment Evidence. *ECF Nos. 51,53,57*. Upon consideration, Mt. Hawley's Motion for Summary Judgment is DENIED. Mt. Hawley's Motion to Strike HCS's Untimely Theory of Recovery is DENIED as moot and HCS's Objections to Summary Judgment Evidence is DENIED as moot.

## UNDISPUTED FACTUAL BACKGROUND

This suit arises from a dispute regarding insurance coverage under the subject Commercial Property Policy ("the Policy") provided by Mt. Hawley to HCS. The subject commercial property is a 32-building Travelodge motel ("the Property"). The parties do not dispute policy coverage; rather, the central dispute is the dollar amount of benefits owed on HCS's insurance

claim. The Policy provided coverage payment based upon the actual cash value of the replacement cost of a loss, with a per occurrence deductible of $25,000.00 for a windstorm or hail loss.

Following a hailstorm, on June 2, 2016, HCS notified Mt. Hawley of a claim for hail damage to the Property. Mt. Hawley determined the hailstorm damaged the roofs of all 32 buildings and caused minor damage to windows, HVAC units and internet equipment. Based upon a bid from TXO Restoration to replace the roofs and complete repairs, on November 30, 2016, Mt. Hawley paid to HCS $466,234.34.

Later, HCS was not satisfied with the payment amount and made a demand for appraisal of the loss. Pursuant to the policy terms, Mt. Hawley assigned Steven Phillips as its independent adjuster and professional engineer to evaluate the claim and HCS designated JD Akins as its appraiser. The appraisers agreed upon Steven Mayor to serve as appraisal umpire. As part of the appraisal process, on August 21, 2018, the appraisal panel, including the umpire, inspected the Property and discovered 24 of the 32 roofs were already replaced.

During this inspection, the appraisers and umpire required HCS to provide an invoice for the repairs already completed and for those repairs remaining. HCS provided an invoice from ABC Supply for a total of $111,353.69.11 for the materials to replace all of the roofs at the Property. HCS did not provide documentation of the amount it paid to that point to replace the 24 roofs. Thereafter, Phillips made multiple requests to Umpire Mayor and Akins for documentation of the actual roof replacement cost HCS paid to that point and for the remainder of the repairs. HCS did not provide this documentation.

On May 2, 2019, Mt. Hawley sent correspondence to HCS demanding, among other things, "contract for services," "repair bills," "invoices for material and labor," and "copies of cancelled checks." Mt. Hawley requested the appraisal panel review these documents as part of

the loss determination. In response, on May 9, 2019, Pratik Patel of HCS provided Umpire Mayor and Akins with what Patel and HCS purported to be a contract between HCS and ABRB Construction, a general contractor, which reflected a roof replacement price of $1,350,000 and a balance of $700,000 owed.[1] Based upon the ABRB contract and invoices submitted by HCS, Umpire Mayor issued an appraisal award in the amount of $1,350,000.

In its Complaint and Motion for Summary Judgment, Mt. Hawley contends it later discovered Adan's Construction, not ABRB Construction, was the roofing company that HCS hired to replace the roofs at the Property. Adan Construction submitted two invoices to HCS for the cost of labor to replace 24 of the 32 roofs. These two invoices totaled $175,371.45. These documents were never provided to either Mt. Hawley or Umpire Mayor during the appraisal process.

In this suit, Mt. Hawley seeks declaratory relief, only, seeking, among other things, to set aside the appraisal award. HCS asserts counterclaims for breach of contract, breach of duty of good faith and fair dealing, and violations of Chapter 541 of the Texas Insurance Code, Chapter 542 of the Texas Insurance Code, and the Texas Deceptive Trade Practices Act. Mt. Hawley asserts five affirmative defenses to the counterclaims: "Failure to cooperate"; "Replacement Costs"; "Concealment, Misrepresentation or Fraud"; "Setting Aside the Appraisal Award"; and "Exemplary Damages".

Mt. Hawley now moves for summary judgment.

## **LEGAL STANDARD**

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare,*

---

[1] ABRB is owned by Anand Bhakta and Pratik Patel, the same two individuals who also own and manage HCS.

*Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[2] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014)(internal

---

[2]Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

citation omitted). To be entitled to summary judgment on its own cause of action, a plaintiff must show there is no genuine dispute of material fact and establish each element of its cause of action as a matter of law. *Fontenot v. Upjohn Co.*, 780 F.2 1190, 1194 (5th Cir. 1986).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, Civil Action No. SA-16-CV-394-XR, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the

motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)(citations omitted).

## DISCUSSION

In its Complaint, Mt. Hawley seeks only a declaratory judgment stating:

1. HCS has breached the Policy by failing to cooperate with Mt. Hawley in providing the necessary documentation to investigate the claim as set forth above and/or by concealing such information; and/or

2. HCS is required to provide complete documentation of incurred costs to repair the property damage that is the subject of the above described claim; and/or

3. The Appraisal Award is disregarded, set aside and void because it was made without authority, was the result of fraud, accident, or mistake, and/or was not made in substantial compliance with the terms of the contract; and/or

4. A declaratory judgment as to the amount recoverable under the Policy, if any, for the claim described above after application of the above referenced terms of the Policy;

In its Motion for Summary Judgment, Mt. Hawley submits as "Grounds for Summary Judgement":

1. The appraisal award must be set aside because it was the product of HCS's fraud and the umpire's mistake.

2. Alternatively, because the appraisal award was based on fictitious documents that totaled significantly more than HCS's actual costs, enforcing that award would require Mt. Hawley to pay more than HCS's actual costs in violation of the replacement cost provisions of the policy.

3. The appraisal award includes amounts to replace 24 roofs that had already been replaced when the appraisal panel first inspected the Property. The appraisal panel had no authority to include those roofs in the award because there could be no disagreement regarding the cost of replacing them (i.e., the amount HCS actually paid).

4. Mt. Hawley is also entitled to summary judgment on HCS's breach of contract and extra contractual counterclaims, as those claims are predicated solely upon Mt. Hawley's failure to pay an appraisal award that must be set aside.

It appears Mt. Hawley does not seek summary judgment on all of its requests for declaratory judgment. In particular, Mt. Hawley's Motion for Summary Judgement applies only to Declaratory-Judgment Request 3: "The Appraisal Award is disregarded, set aside and void because it was made without authority, was the result of fraud, accident, or mistake, and/or was not made in substantial compliance with the terms of the contract." Further, Mt. Hawley requests this Court grant summary-judgment declaratory relief that is not requested in its Complaint and requests summary judgment relief on elements of HCS's counterclaims. This Court cannot provide relief through summary judgment that is not requested in the Complaint. Consequently, summary judgment is denied pertaining to the requested Summary Judgment Grounds 2 and 3. With regard to Ground 4, Mt. Hawley does not specify argument or evidence to support entitlement to summary judgment on HCS breach of contract "and extracontractual causes of action" other than its contention the appraisal award must be set aside. Mt. Hawley failed to properly argue and produce evidence in support of summary judgment on this basis. In addition, for the reasons stated below, Mt. Hawley did not meet its burden of proof to show entitlement to summary judgment on this basis. Therefore, summary judgment on the requested Grounds 2, 3, and 4 is DENIED.

The Court will address Summary Judgment Ground 1 to the extent Mt. Hawley properly requests declaratory relief stating Umpire Mayor's appraisal award must be set aside because it was the product of HCS's fraud and the umpire's mistake.

**Summary-Judgment Request for Declaration Setting Aside the Appraisal Award**

Mt. Hawley bases its Motion for Summary Judgement argument on the premise that Umpire Mayor's appraisal award must be set aside because Mt. Hawley conclusively established this award was based upon fraudulent documents and would not have been awarded otherwise.

To satisfy its summary judgment burden on this request for declaratory relief, Mt. Hawley must provide affidavits, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *See Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. To be entitled to summary judgment, Mt. Hawley must show there is no genuine dispute of material fact regarding whether Umpire Mayor's appraisal award must be set aside, and it is entitled to summary judgment as a matter of law. *See Fontenot v. Upjohn Co.*, 780 F.2 at 1194.

An appraisal award may be set aside or disregarded if: (1) the award is made without authority; (2) the award was made as a result of fraud, accident or mistake; or (3) the award was not made substantially in compliance with the requirements of the policy. *Providence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist.*, 877 S.W.2d 872, 875-76 (Tex. App.-San Antonio 1994). Further, "if an appraisal award is flawed, that can be easily remedied by disregarding it later. . . . If an appraisal is not an honest assessment of necessary repairs, that can be proved at trial and the award set aside." *State Farm Lloyd's v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009). The requisite elements of a fraud cause of action are: (1) a misstatement or omission; (2) of material fact; (3) made with the intent to defraud; (4) on which the plaintiff relied; and (5) which proximately caused the plaintiff's injury. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).

Thus, in this case, Mt. Hawley's request for summary judgment relies upon its' showing that HCS committed fraud by submitting false invoices from ABRB Construction for the roof repair; it intended Umpire Mayor to rely upon these false documents; and Umpire Mayor relied upon these fraudulent documents to make the appraisal award. In support of this premise that Umpire Mayor's appraisal award was based upon intentional fraudulent documents, Mt. Hawley submits the deposition testimony of Umpire Mayor and Anand Bhakta, as well as Adan Construction's invoices for work performed to replace 24 of the 32 roofs.

In his deposition, Anand Bhakta, one of ABRB Construction's managing members, testified the documentation Patel and HCS submitted to support the appraisal award and upon which Umpire Mayor based his appraisal award was not a "contract" but was a proposal. Bhakta testified ABRB construction never had a true contract with HCS and never performed work to repair the hail damage on the Property that is the subject of this suit.

In his deposition, Umpire Mayor testified he believed the document presented from ABRB Construction was an actual contract and represented HCS's actual costs for the roof replacements and repairs to the Property. Umpire Mayor believed ABRB Construction acted as the general contractor of the project. Umpire Mayor based his appraisal award on these understandings.

Mt. Hawley argues it is entitled to summary judgment declaratory relief that Umpire Mayor's appraisal award must be set aside because these depositions conclusively establish the award was based upon fraudulent representations of HCS. Mt. Hawley argues the deposition testimony shows the ABRB invoices HCS submitted were "blatantly fraudulent" and Umpire Mayor relied on this contract and invoices in making his appraisal award. The depositions do establish the documents presented were not a true contract for services, but were a proposal, and Umpire Mayor relied on the documents believing them to be invoices for services rendered in making his appraisal award. However, the evidence fails to satisfy all of the requisite elements of fraud, in particular, intent. While Mt. Hawley argues this deposition testimony proves HCS knowingly committed fraud by submitting known false documentation, it simply creates a fact question, but does not conclusively establish all of the requisite elements of fraud as a matter of law.

Determination of the remaining elements of fraud and what HCS Patel knew and intended when he submitted the ABRB documents are disputes of fact which require credibility determinations and weighing of evidence. *See Reeves*, 530 U.S. at 150; *Anderson*, 477 U.S. at 254–55. A jury must make the credibility determinations regarding Patel and Bhakta's testimony. A jury must determine the missing elements whether Patel and HCS submitted and represented the ABRB documents as a contract and as an intentional misrepresentation of actual costs or repair, and whether Patel and HCS intended Umpire Mayor to rely on these misrepresentations in forming his appraisal award.

Consequently, while the evidence presented is compelling and if true could lead to a declaration that the appraisal award be set aside, it does not conclusively establish all elements of fraud to entitle Mt. Hawley to summary judgment as a matter of law. Accordingly, Mt. Hawley is not entitled to summary judgment on all claims pending before the Court because it fails to show the absence of a genuine dispute of material fact and the appraisal award must be set aside as a matter of law. For these reasons, Mt. Hawley's Motion for Summary Judgment must be denied.

## CONCLUSION

Mt. Hawley did not meet its burden of proof to demonstrate entitlement to summary judgment on its request for declaratory relief setting aside the appraisal award. Accordingly, Mt. Hawley's Motion for Summary Judgment is DENIED. Mt. Hawley's Motion to Strike HCS's untimely theory of recovery is DENIED as moot as it is tied to the Motion for Summary Judgment. HCS's objections to Summary Judgement evidence is DENIED as moot.

It is so ORDERED.
SIGNED this 20th day of April, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE